# Wright's Estate.

*Wills—Specific devises—Residuary clauses—Construction — Intention.*

A testator bequeathed his residuary estate in trust for the benefit of his daughter for her life and directed that upon her death "said trust to go to and vest in her child or children who shall then be living and the issue of any one or more who may have deceased, their......heirs, etc., freed from all trusts, the issue of any deceased child or children, however, if more than one to take only such

share as the parent or parents would have been entitled to if living." By codicil testator devised a house and lot to a granddaughter in fee simple and directed that upon the termination of the life estate the house and lot and the residuary estate should be separately valued and the united value be taken as the basis of an equal distribution among the grandchildren and if the valuation of the house and lot were less than a grandchild's equal share of the whole estate, such granddaughter should be entitled to receive such an amount from the rest of the estate as would make her share equal to that of the other grandchildren, but if the house and lot should be greater in value than an equal share of the estate, the excess in value which she had received should be a charge thereupon in favor of the other grandchildren. The granddaughter survived the testator, but died before the termination of the life estate having devised the house and lot by will; the surviving grandchildren claimed that the house and lot remained part of the testator's residuary estate for the purposes of computation and distribution and was subject to a charge in their favor, being of greater value than their respective shares of the residuary estate. *Held,* that the provision for the valuation and appraisement of the house and lot, and of the residuary estate was to take effect only in the event that the granddaughter to whom the house and lot were devised should survive the life tenant; that by her death her interest in the residuary estate was divested and that her interest in the house and lot could not be charged in favor of the surviving grandchildren.

Argued Jan. 7, 1916.   Appeal, No. 193, Jan. T., 1915, by Martha W. Harvey, from decree of O. C. Philadelphia Co., Jan. T., 1879, No. 368, imposing a charge upon real estate, in Estate of William Wright, Deceased.   Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Reversed.

Petition from a decree imposing a charge upon real estate.

The opinion of the Supreme Court states the facts.

The court awarded the relief prayed for in an opinion by GEST, J.   Martha W. Harvey appealed.

*Error assigned* was the decree of the court.

*Alex. Simpson, Jr.,* for appellant.—The fee simple in

the real estate in question given by the codicil to testator's will to Sallie W. Conway was not reduced to a life estate by reason of the fact that she predeceased the life tenant of the residuary estate: Doebler's App., 64 Pa. 9; Seibert v. Wise, 70 Pa. 147.

It was testator's intention that only in the event that Sallie W. Conway should survive her mother would there be any charge upon the real estate in question.

*Clement B. Wood,* with him *Charles E. Morgan,* for appellees.—The real estate devised to Sallie W. Conway under the second codicil to testator's will was subject to a testamentary charge in favor of the other residuary legatees, provided that upon the life tenant's death it should be of greater values, than the shares of the residue bequeathed to the other grandchildren.

OPINION BY MR. JUSTICE STEWART, October 2, 1916:

The testator, William Wright, by his last will bearing date 14th December, 1866, gave his entire residuary estate in trust for his daughter, Mrs. Martha Conway, for life. This direction follows:

"And from and immediately after the decease of my said daughter the said trust to go and vest in her child or children who shall then be living, and the issue of any one or more who may have deceased, their several and respective heirs, executors, administrators and assigns, share and share alike, as tenants in common, freed from all trusts. The issue of any deceased child or children, however, if more than one, to take only such share or shares as the parent or parents would have been entitled to if living."

Of the several codicils which follow we are concerned only with the second, executed some two years after the original will, and which reads as follows:

"Whereas, in and by my said will, after directing the payment of my debts, and making certain specific bequests, I have given and devised all my residuary estate

in trust, for the use and benefit of my daughter, Martha
W. Conway, and her children, as therein particularly
set forth and declared, now I do hereby so far alter my
said will that I do by this codicil give, devise and be-
queath unto my granddaughter, Sallie W. Conway, her
heirs and assigns, (in consideration of her affectionate
attention to my comfort) my house and lot of ground
with the appurtenances, situate on the West side of
Seventh Street in the city of Philadelphia, between Par-
rish and Poplar Streets, No. 850, being the premises
next south of the house and lot occupied by myself and
family.

"Provided, however, that upon the decease of my said
daughter, Martha, and a final division and distribution
of my said residuary estate as directed by my will, the
said house and lot, and the remaining part of my estate,
being that held in trust, shall be separately valued and
appraised by three judicious and impartial men, to be
chosen, one of them by my said granddaughter, one other
of them by the trustee under my said will, and the other,
or third, by one or more of my other grandchildren, and
the united value shall be taken as the basis of an equal
division and distribution of my whole estate among my
grandchildren, and if the valuation so placed upon the
premises hereby devised to my said granddaughter, shall
be less than would be her equal or proportionable part
or share of my aggregate or whole estate, then she shall
be entitled to receive such an amount from the other, or
trust part of my estate, as will equalize the same. But
in case the said devised premises, shall be greater in
value than her equal share, then I hereby charge upon
the same such excess of value, in favor of my other grand-
children, with interest from the time of their brother's
decease, it being my will that all of my grandchildren
shall have and receive, share and share alike of my es-
tate, (excepting the said specific bequests of my will)
my said granddaughter only having the benefit of the
said devise on account of her share, in advance of the

allotments of my other grandchildren. I hereby ratify and confirm my said recited will and codicil in every other respect."

Three of the grandchildren survived the determination of the life estate, namely, William W. Conway, Thomas A. Conway, since deceased, and here represented by Ellen Conway his executrix, and Martha Conway, wife of W. Spencer Harvey. Another grandchild, Sallie W. Conway, survived the testator but died before the determination of the life estate. She it was to whom the testator by the codicil to his will gave the premises No. 850 on west side of Seventh street, Philadelphia. By her last will Sallie W. Conway devised her entire estate to her sister Martha W. Harvey above named. Mrs Harvey claiming under this devise title to the said premises sold and conveyed the same to Leah M. Katz, who thereupon mortgaged the same to the said Martha W. Harvey and the Pennsylvania Company for Insurance on Lives in the sum of $5,250.00. William W. Conway, a surviving son of the life tenant, and Ella Conway, executrix of the will of Thomas A. Conway also a son who survived the life tenant, but since deceased, claiming that the gift over upon the death of the life tenant, Martha W. Conway, was limited to those of her children surviving this event; that Sallie W. having predeceased her mother the entire estate vested in the three surviving children William W., Thomas and Martha W.; and claiming further that the real estate devised by testator to Sallie W., and which it is agreed is of the value of $5,550.00 remained part of the residuary estate for the purpose of computation and distribution under the will, and that Sallie W., taking no share therein for the reason that she had not survived, said real estate is chargeable in their favor with two-thirds of the value, the sum of $1,750.00 to each of them, presented their petition to the Orphans' Court setting forth their several claims as we have stated them, praying that a decree be entered accordingly. The matter was regularly proceeded with and resulted in a decree

charging the real estate devised to Sallie W. in accordance with the prayer of the petition. From the decree so entered this appeal has been taken.

The consideration that prevailed with the court was the conclusion reached that any other disposition of the matter than that made, would be "contrary to the general and controlling intention of the testator which was to provide for an equality of distribution per stirpes among the grandchildren and the issue of deceased grandchildren living at the death of the life tenant." With this conclusion, so far as it relates to the purpose and intention of the testator with respect to the gift in remainder, we entirely agree. By repeated expressions in his will the testator makes it too clear for dispute that the gift over after the determination of the particular estate was to the remaindermen as tenants in common. The error of the court was in subjecting to this scheme of equality other property than that which belonged to the residuary estate. By the codicil above recited testator takes from the residuary estate in which it had been placed by the original will that certain piece of real estate which by the codicil he devises to his granddaughter, Sallie W. This was a direct and immediate gift of so much of his estate to this particular grandchild, dependent on nothing, contingent on nothing, and therefore an indefeasible title to so much of the estate vested immediately upon the death of the testator in Sallie W. There is nothing in the codicil to warrant an inference that the devise to her was an abridgment of her right to participate in the remainder of his estate in the event that she survived her mother; but the codicil makes it clear that in case she should survive, and be one of the takers, then and in that event, the scheme of equality should operate; and to this end he directs an appraisement of both residuary estate and the property devised to Sallie W., to ascertain the proportion the gift to Sallie W. bore to her full equal share in the whole, making the devise to her subject to a charge in favor of

the other takers if in excess, and abating the other share proportionately in favor of Sallie, if below. We cannot read this codicil and derive any other understanding of its provisions. True, it contains no express direction that the appraisement and valuation is to be made only in case Sallie W. should survive the determination of the life estate and become a participant in the residuary, but it is evident from the fact that Sallie W., nominatim, is made one of the appraisers that the possibility or probability of her surviving the determination of the life estate was in the mind of the testator and that it was to meet such contingency that the appraisement and valuation were ordered. The will no where directs a conversion of the estate, but gives it to the takers as tenants in common, and the codicil makes no change in this regard. To what end then an appraisement and valuation? It must have been solely to provide for the contingency of Sallie W. becoming one of the surviving grandchildren and preserving equality between the takers in such event. Except as Sallie W. should intervene in this way, the valuation and appraisement would be absolutely without purpose.

It follows that the real estate devised to Sallie W. was subject to charge only in case of a contingency that never arose, and the decree here entered must be reversed. It is accordingly so ordered.